**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jeremy Smith, Appellant.

Appellate Case No. 2014-000146

Appeal From Sumter County
W. Jeffrey Young, Circuit Court Judge

Unpublished Opinion No. 2015-UP-181
Submitted March 1, 2015 – Filed April 8, 2015

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Williams Leddon, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Moses*, 390 S.C. 502, 511, 702 S.E.2d 395, 399 (Ct. App.

2010) ("[R]ulings on the admission of evidence are within the trial court's discretion and will not be reversed absent an abuse of discretion."); *id.* at 515, 702 S.E.2d at 402 ("In South Carolina, an individual asserting a *Brady*[1] violation must demonstrate that the evidence: (1) was favorable to the accused; (2) was in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching."); *id.* at 518, 702 S.E.2d at 403 ("While *Brady* imposes a duty on the State to *disclose* material evidence favorable to the defendant, the State has the additional duty, albeit not an absolute duty, to *preserve* evidence that is favorable to the defendant."); *id.* at 518, 702 S.E.2d at 404 ("[A] defendant must demonstrate either that [(1)] the State destroyed evidence in bad faith, or [(2)] the [S]tate destroyed evidence that possessed an exculpatory value that is apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means."); *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988) (holding "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.